CV 13

5465

William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
488 Madison Ave., Suite 1100
New York, New York 10022
(Phone) (212) 286-1425; (Fax)(646) 688-3078    ROSS, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
REYES, M.J.
------------------------------------------------------------
EUNICE THORMAN,                                              :
Individually and on Behalf of All Other                     :      13 Civ. _____
Persons Similarly Situated,                                 :
                                                            :
                          Plaintiffs,                       :
                                                            :
                                                            :      **COMPLAINT AND**
          -against-                                         :      **JURY DEMAND**
                                                            :
THE ROYAL CARE INC., JOEL BERNATH,                          :
and JOHN DOES #1-10,                                        :
                                                            :
                          Defendants.                       :
------------------------------------------------------------X

## NATURE OF THE ACTION

1.      Plaintiff EUNICE THORMAN ("Plaintiff") was a maid working for Defendants

who worked for Defendants as a maid for more than 40 hours per week ("overtime hours") and,

along with numerous other similar maids, was not paid her full time and one half for her

overtime hours.

2.      Plaintiff alleges on behalf of herself and other similarly situated current and

former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from

Defendants THE ROYAL CARE INC., JOEL BERNATH, and JOHN DOES #1-10 (together

"Defendant" or "Defendants") for minimum wages and/or overtime work for which they did not

receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages

pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.      Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from Defendant for work performed for which they did not receive pay and for minimum wages and for overtime work performed for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.      Plaintiff EUNICE THORMAN, was, at all relevant times, an adult individual, residing in Kings County, New York.

7.      Upon information and belief, Defendant THE ROYAL CARE INC. ("Corporate Defendant") is a New York corporation, with its principal place of business at 1331 48th Street, Brooklyn, N.Y. 11219.

8.      Upon information and belief, Defendant JOEL BERNATH is an officer, director and/or managing agent of the Corporate Defendant, whose address is unknown at this time and

who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendant.

9.      Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

10.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at any time since October 3, 2007 (statute of limitations tolled for failure to post notice) to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wages and/or overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

11.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 40 members of the Class during the Collective Action

3

Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

12.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

13.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

14.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are

> a.  whether the Defendant employed the Collective Action members within the meaning of the FLSA;
>
> b.  whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;
>
> c.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

4

    d.   whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

    e.   whether Defendant failed to pay the Collective Action Members minimum wages and overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    f.   whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

    g.   whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    h.   whether Defendant should be enjoined from such violations of the FLSA in the future.

15.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

### CLASS ALLEGATIONS

16.    Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

17.    Plaintiff brings her New York Labor Law claim on behalf of all persons who were employed by Defendant at any time since October 3, 2007, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid for all hours worked by them as well as minimum wages and

overtime wages in violation of the New York Labor Law (the "Class").

18.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there at least 40 members of Class during the Class Period.

19.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

20.     The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

21.     Plaintiff is committed to pursuing her action and has retained competent counsel experienced in employment law and class action litigation.

22.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

23.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.   whether the Defendant employed the members of the Class within the meaning of the New York Labor Law;

6

b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendant failed and/or refused to pay the members of the Class for all hours worked by them as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

e. whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees;

f. whether the Defendant should be enjoined from such violations of the New York Labor Law in the future; and

## STATEMENT OF FACTS

24.     Plaintiff Eunice Thorman ("Eunice") was a maid employed by The Royal Care Inc. and Joel Bernath (collectively "Defendant" or "Defendants"), from about March 4, 2006 until February 12, 2011 (the "time period").

25.     Defendants are an employment agency that sent Plaintiff to work as a maid for numerous customers located in New York City.

26.     During the time period, Eunice always worked for Defendants in New York City and often in Kings County.

27.     During the time period, Eunice was not paid full overtime wages for all of her hours worked over forty in a workweek ("overtime"), and was not paid an extra hour of pay for her hours worked over a spread of 10 hours per day.

28.     During the time period, during certain weeks, Eunice was paid by multiple paychecks for the same pay period.

29.     During the time period, during certain weeks, Eunice was paid only straight time for her hours worked over forty in a week.

30.     During the time period, when Eunice was paid overtime, the most she was ever paid was time and one half the minimum wage rate.

31.     The paychecks attached as Exhibit A are true and correct copies of paychecks issued by Defendant The Royal Care Inc.

32.     During the time period, Eunice generally worked 6 to 7 days a week, Monday through Saturday.

33.     During the time period, Eunice generally worked at least 50 hours per week and often worked more.

34.     During the time period, Eunice had a varied schedule, and her paystubs reflect the hours that she worked each week.

35.     The paychecks attached as Exhibit A are true and correct copies of paychecks issued by Defendant The Royal Care Inc.

36.     During the time period, Eunice often worked a schedule of 12 hours a day.

37.     During the time period, Eunice also filled out time sheets that were signed by the customers, which she was required to submit to Defendants.

38.     During the time period, Eunice did not receive a meal break and generally ate while working.

39.     During the time period, Defendants did not post any notice indicating that its employees had a right to minimum wages and/or overtime.

40. During the time period, Eunice's job responsibilities as a maid included, among others, cleaning the entire house, cooking and doing the laundry.

41. During the time period, Eunice was required to prepare three meals a day, breakfast, lunch and dinner.

42. Breakfast usually consisted of eggs, juice, coffee, and bread.

43. Lunch usually consisted of a cooked meal with rice or pasta, a meat (usually chicken or fish) and also soup and coffee and dessert.

44. During the time period, Eunice sometimes alternatively prepared a sandwich or mixed vegetables for lunch.

45. During the time period, dinner usually consisted of the similar items as lunch.

46. During the time period, Eunice was required to prepare whatever foods the customer requested.

47. During the time period, Eunice often shopped in the food store with the customer to buy the food for the meals.

48. During the time period, Eunice generally was required to make the beds every morning.

49. During the time period, Defendants required Eunice to do a number of tasks on a daily basis, including but not limited to: dusting, vacuuming, cleaning the bathroom (including the toilet, tub and shower), mopping the kitchen floors, scrubbing the kitchen counters, cleaning the pots and pans, loading/unloading the dishwasher, and taking out the garbage.

50. During the time period, Eunice was required to do the laundry every other day.

51. During the time period, Eunice was also required to flip the bed mattresses once every week.

52. During the time period, Eunice was also required to clean out the refrigerator and put away the new groceries at least once every week.

53. During the time period, Eunice spent at least 85% of her time directly performing household work.

54. During the time period, Defendants hired at least 40 similar maids, who also were not paid their overtime at the full time and one half rate.

55. During the time period, Eunice complained to Ms. Gillar about not receiving time and one half for her hours worked over forty in a week, and was told that the straight time on her paychecks for her overtime hours was the correct amount intended to be paid by Defendants and was correct.

56. During the time period, at times, it was Defendants' policy to pay straight time for hours worked over forty hours in a week to Eunice and similar employees.

57. Eunice was required to pay $11.00 for a uniform that consisted of a shirt and pants, which Eunice was required to wear on the job along with her identification badge. Eunice has never been reimbursed for her uniform cost of $11.00.

58. Throughout the time period, Defendant has likewise employed other individuals, like Eunice, in positions as maids.

59. Throughout the time period, such individuals have worked in excess of 40 hours per week and not been paid overtime premium wages of one and one half times their regular hourly rate, and have worked a spread of ten hours per day and have not been paid an extra hour of pay for days on which they worked a spread of more than ten hours and were improperly charged for their uniforms.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

60.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

61.     At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

62.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

63.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

64.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

65.     At all relevant times, the Defendants had a policy and practice of refusing to pay its employees minimum wages for all of their hours worked and refusing to pay overtime wages equal to time and one half their employees' regular wages for hours worked over forty in a work week.

66.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members overtime wages and/or minimum wages for all of their hours worked the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

67.     As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed

to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

68.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

69.     Due to the Defendants' FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendants, their unpaid minimum and overtime wages, and an equal additional amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

70.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

71.     At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

72.     Defendants willfully violated Plaintiff's rights, and the rights of the members of the Class, by failing to pay them wages in violation of the New York Labor Law and its regulations.

73.     The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

74.     Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages, unpaid

minimum wages, unpaid overtime wages, unpaid spread of hours wages, unpaid uniform costs, reasonable attorneys' fees, and/or costs and disbursements of the action, pursuant to New York Labor Law §663(1) et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

      a.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

      b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

      c.  An order tolling the statute of limitations;

      d.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

      e.  An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as

provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of unpaid wages, spread of hours wages, overtime wages and unpaid minimum wages and unpaid uniform expenses due under the FLSA and the New York Labor Law;

g.  An award of liquidated and/or punitive damages, as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

h.  An award of prejudgment and postjudgment interest;

i.  An award of costs and expenses of this action together with reasonable attorney's and expert fees;

j.  An award of statutory damages under the New York Wage Theft Prevention Act; and

k.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the complaint.


Dated: New York, New York
       October 3, 2013


                 LAW OFFICE OF WILLIAM COUDERT RAND


                 William Coudert Rand, Esq.
                 *Attorney for Plaintiff*, Individually and on
                 Behalf of All Persons Similarly Situated
                 488 Madison Avenue, Suite 1100
                 New York, New York 10022
                 Tel: (212) 286-1425
                 Fax: (646) 688-3078
                 Email: wcrand@wcrand.com

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _The Royal Care Inc. and Joel Berneth_ to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_Eunice .P. Morman_   08-21-13   EUNICE. PATRICIA. THORMAN
Signature                      Date      Print Name

8

William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
488 Madison Ave., Suite 1100
New York, New York 10022
(Phone) (212) 286-1425; (Fax)(646) 688-3078

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EUNICE THORMAN,                                       :          ECF
Individually and on Behalf of All Other               :          13 Civ. _____
Persons Similarly Situated,                           :
                                                      :
                          Plaintiffs,                 :
                                                      :
           -against-                                  :    **COMPLAINT AND
                                                      :     JURY DEMAND**
                                                      :
THE ROYAL CARE INC., JOEL BERNATH,                    :
and JOHN DOES #1-10,                                  :
                                                      :
                          Defendants.                 :
-------------------------------------------------------------------X


## EXHIBIT A


# PAYSTUBS

## OYAL HOME CARE PAYROLL

PAYROLL STUB

RETAIN THIS SECTION FOR YOUR RECORDS

| Check Number | Period End. | Name | | I.D. No. | Rate/Salary | Department | Deps | Res |
|---|---|---|---|---|---|---|---|---|
| 81285 | 09/13/08 | THORMAN, EUNICE P. | | 14223 | .0000 | 1001.0306 | S 0 | Y |
| DESCRIPTION | | HOURS | RATE | EARNINGS | | DEDUCTIONS THIS PAY | | |
| REGULAR | | 24.00 | 8.0000 | 192.00 | | | | |

| | FEDERAL | STATE | CITY | FICA | MEDICARE TAX | DIS-SUI | NET |
|---|---|---|---|---|---|---|---|
| THIS PAY | 14.10 | 2.31 | 1.82 | 11.91 | 2.78 | 0.60 | 158.48 |
| GROSS | 192.00 | | | | | | |
| YR TO DATE | 2722.18 | 976.74 | 600.28 | 1560.05 | 364.85 | 27.48 | |
| GROSS | 25161.11 | | | | | | |

©Reliable Health Systems, Inc.

---

## ROYAL HOME CARE PAYROLL

PAYROLL STUB

RETAIN THIS SECTION FOR YOUR RECORDS

| Check Number | Period End. | Name | | I.D. No. | Rate/Salary | Department | Deps | Res |
|---|---|---|---|---|---|---|---|---|
| 81283 | 09/13/08 | THORMAN, EUNICE P. | | 14223 | .0000 | 6516.0000 | S 0 | Y |
| DESCRIPTION | | HOURS | RATE | EARNINGS | | DEDUCTIONS THIS PAY | | |
| REGULAR | | 40.00 | 7.7500 | 310.00 | | | | |

| | FEDERAL | STATE | CITY | FICA | MEDICARE TAX | DIS-SUI | NET |
|---|---|---|---|---|---|---|---|
| THIS PAY | 31.50 | 7.14 | 4.72 | 19.22 | 4.50 | 0.60 | 242.32 |
| GROSS | 310.00 | | | | | | |
| YR TO DATE | 2708.08 | 974.43 | 598.46 | 1548.14 | 362.07 | 26.88 | |
| GROSS | 24969.11 | | | | | | |

©Reliable Health Systems, Inc.

## CY..L HOME CARE PAYROLL

### PAYROLL STUB

RETAIN THIS SECTION FOR YOUR RECORDS

| Check Number | Period End. | Name | I.D. No. | Rate/Salary | Department | Depa | Res |
|---|---|---|---|---|---|---|---|
| 81285 | 09/13/08 | THORMAN, EUNICE P. | 14223 | .0000  1001.0306 | | S  0 | Y |

DEDUCTIONS THIS PAY

| DESCRIPTION | HOURS | RATE | EARNINGS |
|---|---|---|---|
| REGULAR | 24.00 | 8.0000 | 192.00 |

| | FEDERAL | STATE | CITY | FICA | MEDICARE TAX | DIS-SUI | NET THIS PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY  GROSS  192.00 | 14.10 | 2.31 | 1.82 | 11.91 | 2.78 | 0.60 | 158.48 |
| YR TO DATE  25161.11 | 2722.18 | 976.74 | 600.28 | 1560.05 | 364.85 | 27.48 | |

©Reliable Health Systems, Inc.

## ROYAL HOME CARE PAYROLL

### PAYROLL STUB

RETAIN THIS SECTION FOR YOUR RECORDS

| Check Number | Period End. | Name | I.D. No. | Rate/Salary | Department | Depa | Res |
|---|---|---|---|---|---|---|---|
| 81283 | 09/13/08 | THORMAN, EUNICE P. | 14223 | .0000  6516.0000 | | S  0 | Y |

DEDUCTIONS THIS PAY

| DESCRIPTION | HOURS | RATE | EARNINGS |
|---|---|---|---|
| REGULAR | 40.00 | 7.7500 | 310.00 |

| | FEDERAL | STATE | CITY | FICA | MEDICARE TAX | DIS-SUI | NET THIS PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY  GROSS  310.00 | 31.50 | 7.14 | 4.72 | 19.22 | 4.50 | 0.60 | 242.32 |
| YR TO DATE  24969.11 | 2708.08 | 974.43 | 598.46 | 1548.14 | 362.07 | 26.88 | |

©Reliable Health Systems, Inc.

## ROYAL HOME CARE PAYROLL — PAYROLL STUB

| Check Number | Period End. | Name | I.D. No. | Rate/Salary | Department | Deps | Res |
|---|---|---|---|---|---|---|---|
| 82246 | 09/27/08 | THORMAN, EUNICE P. | 14223 | .0000 | 1001.0300 | S 0 | Y |

DEDUCTIONS THIS PAY

| DESCRIPTION | HOURS | RATE | EARNINGS |
|---|---|---|---|
| REGULAR | 24.00 | 8.0000 | 192.00 |
| REGULAR | 40.00 | 7.7500 | 310.00 |

| | GROSS | FEDERAL | STATE | CITY | FICA | MEDICARE TAX | DIS-SUI | NET THIS PAY |
|---|---|---|---|---|---|---|---|---|
| THIS PAY | 502.00 | 60.30 | 17.72 | 11.38 | 31.12 | 7.28 | 0.60 | 373.60 |
| YR TO DATE | 25663.11 | 2782.48 | 994.46 | 611.66 | 1591.17 | 372.13 | 28.08 | |

©Reliable Health Systems, Inc.

## ROYAL HOME CARE PAYROLL — PAYROLL STUB

| Check Number | Period End. | Name | I.D. No. | Rate/Salary | Department | Deps | Res |
|---|---|---|---|---|---|---|---|
| 82654 | 09/27/08 | THORMAN, EUNICE P. | 14223 | .0000 | 6516.0000 | S 0 | Y |

DEDUCTIONS THIS PAY

| DESCRIPTION | HOURS | RATE | EARNINGS |
|---|---|---|---|
| REGULAR | 40.00 | 7.7500 | 310.00 |

| | GROSS | FEDERAL | STATE | CITY | FICA | MEDICARE TAX | DIS-SUI | NET THIS PAY |
|---|---|---|---|---|---|---|---|---|
| THIS PAY | 310.00 | 31.50 | 7.14 | 4.72 | 19.22 | 4.50 | 0.60 | 242.32 |
| YR TO DATE | 25973.11 | 2813.98 | 1001.60 | 616.38 | 1610.40 | 376.62 | 28.68 | |

©Reliable Health Systems, Inc.

RETAIN THIS SECTION FOR YOUR RECORDS

# THE ROYAL CARE INC.

## PAYROLL STUB

RETAIN THIS SECTION FOR YOUR RECORDS

| Check Number | Period End. | Name | I.D. No. | Rate/Salary | Department | Deps | Res |
|---|---|---|---|---|---|---|---|
| 122462 | 12/25/10 | THORMAN, EUNICE P. | 14223 | 8.0000 | 1000 0000 | S 0 | Y |

| DESCRIPTION | HOURS | RATE | EARNINGS | | DEDUCTIONS THIS PAY | | |
|---|---|---|---|---|---|---|---|
| REGULAR | 27.00 | 8.0000 | 216.00 | DD-CHKN | 361.49 | | |
| REGULAR | 01.00 | 8.0000 | 8.00 | | | | |
| HO-WORK | 12.00 | 10.8800 | 130.56 | | | | |
| AIDE OT | 11.00 | 10.8800 | 119.68 | | | | |
| | | | | | Clinton | | 27.00 |
| | | | | | Giovanni | | 24.00 |
| | | | | | Esther | | |
| | | | | | Leone | | |

| | FEDERAL | STATE | CITY | FICA | MEDICARE TAX | DIS-SUI | NET THIS PAY |
|---|---|---|---|---|---|---|---|
| THIS PAY | 49.48 | 16.09 | 10.35 | 29.40 | 6.88 | 0.55 | 361.49 |
| YR TO DATE | 3288.90 | 1139.70 | 702.87 | 1758.83 | 411.34 | 31.20 | |

| | GROSS |
|---|---|
| THIS PAY | 474.24 |
| YR TO DATE | 28463.80 |

©Relanbk Health Systems, Inc.