UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

EUNICE THORMAN,                                :
Individually and on Behalf of All Other        :        ECF
Persons Similarly Situated,                    :        13 Civ. 5465(ARR)(RER)
                                               :
            Plaintiffs,                        :
                                               :        **ANSWER TO COMPLAINT**
     -against-                                 :
                                               :
THE ROYAL CARE INC., JOEL BERNATH,             :
and JOHN DOES #1-10,                           :
                                               :
            Defendants.                        :
--------------------------------------------------------X

Defendants The Royal Care, Inc. ("Royal Care") and Joel Bernath answer Plaintiff's

Complaint as follows:

## NATURE OF THE ACTION

1.      Plaintiff EUNICE THORMAN ("Plaintiff") was a maid working for Defendants

who worked for Defendants as a maid for more than 40 hours per week ("overtime hours") and,

along with numerous other similar maids, was not paid her full time and one half for her

overtime hours.

**ANSWER:**  Defendants admit that Royal Care employed Eunice Thorman.

Defendants deny the remaining allegations in this paragraph.

2.      Plaintiff alleges on behalf of herself and other similarly situated current and

former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from

Defendants THE ROYAL CARE INC., JOEL BERNATH, and JOHN DOES #1-10 (together

"Defendant" or "Defendants") for minimum wages and/or overtime work for which they did not

receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq.

**ANSWER:**   This paragraph purports to summarize Plaintiff's claims.  To the extent it is read to assert Plaintiff has stated any viable claims for relief or for certifying a collective action, Defendants deny the allegations.

2.      Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from Defendant for work performed for which they did not receive pay and for minimum wages and for overtime work performed for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations.

**ANSWER:**   This paragraph purports to summarize Plaintiff's claims.  To the extent it is read to assert Plaintiff has stated any viable claims for relief or for certifying a class action, Defendants deny the allegations.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.   In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

**ANSWER:**   Defendants do not contest the jurisdiction of the Court.

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

**ANSWER:**   Defendants do not contest venue in this district.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**    The allegations in this paragraph constitute legal conclusions to which no response is required.   To the extent any response may be required, Defendants deny the allegations in this paragraph.

## THE PARTIES

6.      Plaintiff EUNICE THORMAN, was, at all relevant times, an adult individual, residing in Kings County, New York.

**ANSWER:**    Defendants lack sufficient information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny the same.

7.      Upon information and belief, Defendant THE ROYAL CARE INC. ("Corporate Defendant") is a New York corporation, with its principal place of business at 1331 48th Street, Brooklyn, N.Y. 11219.

**ANSWER:**    Defendants admit that Royal Care is a New York Corporation. Defendants deny the remaining allegations in this paragraph.

8.      Upon information and belief, Defendant JOEL BERNATH is an officer, director and/or managing agent of the Corporate Defendant, whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendant.

**ANSWER:**    Defendants state that Joel Bernath is an employee of Royal Care. Defendants deny the remaining allegations in this paragraph.

9.      Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

**ANSWER:**   Defendants deny the allegations in this paragraph.

## COLLECTIVE ACTION ALLEGATIONS

10.      Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at any time since October 3, 2007 (statute of limitations tolled for failure to post notice) to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wages and/or overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

**ANSWER:**   This paragraph purports to summarize Plaintiff's claims.  To the extent it is read to assert Plaintiff has stated any viable claims for relief or for certifying a collective action, Defendants deny the allegations.

11.      This collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 40 members of the Class during the Collective Action

Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

**ANSWER:**   The allegations in this paragraph constitute legal conclusions to which no response is required.   To the extent any response may be required, Defendants deny the allegations in this paragraph.

12.   Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

**ANSWER:**   Defendants lack sufficient information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny the same.

13.   A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

**ANSWER:**   The allegations in this paragraph constitute legal conclusions to which no response is required.   To the extent any response may be required, Defendants deny the allegations in this paragraph.

14.   Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members.  Among the common questions of law and

fact common to Plaintiffs and other Collective Action Members area

a.      whether the Defendant employed the Collective Action members within the meaning of the FLSA;

b.      whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

c.      what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.      whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

e.      whether Defendant failed to pay the Collective Action Members minimum wages and overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.      whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

g.      whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h.      whether Defendant should be enjoined from such violations of the FLSA in the future.

**ANSWER:** The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent any response may be required, Defendants deny the allegations in this paragraph.

15. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

**ANSWER:** Defendants lack sufficient information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny the same.

## CLASS ALLEGATIONS

16. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

**ANSWER:** This paragraph purports to summarize Plaintiff's claims. To the extent it is read to assert Plaintiff has stated any viable claims for relief or for certifying a class action, Defendants deny the allegations.

17. Plaintiff brings her New York Labor Law claim on behalf of all persons who were employed by Defendant at any time since October 3, 2007, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid for all hours worked by them as well as minimum wages and overtime wages in violation of the New York Labor Law (the "Class").

**ANSWER:** This paragraph purports to summarize Plaintiff's claims. To the extent it is read to assert Plaintiff has stated any viable claims for relief or for certifying a class action, Defendants deny the allegations.

18. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the

facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there at least 40 members of Class during the Class Period.

**ANSWER:**   The allegations in this paragraph constitute legal conclusions to which no response is required.   To the extent any response may be required, Defendants deny the allegations in this paragraph.

19.   The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

**ANSWER:**   The allegations in this paragraph constitute legal conclusions to which no response is required.   To the extent any response may be required, Defendants deny the allegations in this paragraph.

20.   The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**ANSWER:**   The allegations in this paragraph constitute legal conclusions to which no response is required.   To the extent any response may be required, Defendants deny the allegations in this paragraph.

21.   Plaintiff is committed to pursuing her action and has retained competent counsel experienced in employment law and class action litigation.

**ANSWER:**   Defendants lack sufficient information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny the same.

22.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

**ANSWER:**   The allegations in this paragraph constitute legal conclusions to which no response is required.   To the extent any response may be required, Defendants deny the allegations in this paragraph.

23.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.     whether the Defendant employed the members of the Class within the meaning of the New York Labor Law;

b.     whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

c.     what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.     whether Defendant failed and/or refused to pay the members of the Class for all hours worked by them as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

e.     whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees;

f.      whether the Defendant should be enjoined from such violations of the

New York Labor Law in the future; and

**ANSWER:**    The allegations in this paragraph constitute legal conclusions to which no response is required.   To the extent any response may be required, Defendants deny the allegations in this paragraph.

## STATEMENT OF FACTS

24.     Plaintiff Eunice Thorman ("Eunice") was a maid employed by The Royal Care Inc. and Joel Bernath (collectively "Defendant" or "Defendants"), from about March 4, 2006 until February 12, 2011 (the "time period").

**ANSWER:**    Defendants deny the allegations in this paragraph.

25.     Defendants are an employment agency that sent Plaintiff to work as a maid for numerous customers located in New York City.

**ANSWER:**    Defendants admit that Plaintiff worked on behalf of numerous clients in New York City.  Defendants deny the remaining allegations in this paragraph.

26.     During the time period, Eunice always worked for Defendants in New York City - and often in Kings County.

**ANSWER:**    Defendants admit that Royal Care employed Eunice Thorman. Defendants deny the remaining allegations in this paragraph.

27.     During the time period, Eunice was not paid full overtime wages for all of her hours worked over forty in a workweek ("overtime"), and was not paid an extra hour of pay for her hours worked over a spread of 10 hours per day.

**ANSWER:**    Defendants deny the allegations in this paragraph.

28.     During the time period, during certain weeks, Eunice was paid by multiple paychecks for the same pay period.

**ANSWER:**   Defendants admit that on occasion, Plaintiff was paid with multiple paychecks for the same period.  Defendants deny the remaining allegations in this paragraph.

29.     During the time period, during certain weeks, Eunice was paid only straight time for her hours worked over forty in a week.

**ANSWER:**   Defendants deny the allegations in this paragraph.

30.     During the time period, when Eunice was paid overtime, the most she was ever paid was time and one half the minimum wage rate.

**ANSWER:**   Defendants admit the allegations in this paragraph.

31.     The paychecks attached as Exhibit A are true and correct copies of paychecks issued by Defendant The Royal Care Inc.

**ANSWER:**   Defendants admit that Exhibit A includes copies of some of the paychecks issued by Royal Care.  Defendants deny the remaining allegations of this paragraph.

32.     During the time period, Eunice generally worked 6 to 7 days a week, Monday through Saturday.

**ANSWER:**   Defendants deny the allegations in this paragraph.

33.     During the time period, Eunice generally worked at least 50 hours per week and often worked more.

**ANSWER:**   Defendants deny the allegations in this paragraph.

34.     During the time period, Eunice had a varied schedule, and her paystubs reflect the hours that she worked each week.

**ANSWER:**   Defendants admit the allegations in this paragraph.

35.     The paychecks attached as Exhibit A are true and correct copies of paychecks issued by Defendant The Royal Care Inc.

**ANSWER:**   Defendants admit that Exhibit A includes copies of some of the paychecks issued by Royal Care.  Defendants deny the remaining allegations of this paragraph.

36.     During the time period, Eunice often worked a schedule of 12 hours a day.

**ANSWER:**   Defendants admit that Plaintiff sometimes worked a 12 hour shift. Defendants deny the remaining allegations in this paragraph.

37.     During the time period, Eunice also filled out time sheets that were signed by the customers, which she was required to submit to Defendants.

**ANSWER:**   Defendants admit the allegations in this paragraph.

38.     During the time period, Eunice did not receive a meal break and generally ate while working.

**ANSWER:**   Defendants deny the allegations in this paragraph.

39.     During the time period, Defendants did not post any notice indicating that its employees had a right to minimum wages and/or overtime.

**ANSWER:**   Defendants deny the allegations in this paragraph.

40.     During the time period, Eunice's job responsibilities as a maid included, among others, cleaning the entire house, cooking and doing the laundry.

**ANSWER:**   Defendants deny the allegations in this paragraph.

41.     During the time period, Eunice was required to prepare three meals a day, breakfast, lunch and dinner.

**ANSWER:**   Defendants deny the allegations in this paragraph.

42.     Breakfast usually consisted of eggs, juice, coffee, and bread.

**ANSWER:** Defendants lack sufficient information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny the same.

43. Lunch usually consisted of a cooked meal with rice or pasta, a meat (usually chicken or fish) and also soup and coffee and dessert.

**ANSWER:** Defendants lack sufficient information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny the same.

44. During the time period, Eunice sometimes alternatively prepared a sandwich or mixed vegetables for lunch.

**ANSWER:** Defendants lack sufficient information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny the same.

45. During the time period, dinner usually consisted of the similar items as lunch.

**ANSWER:** Defendants lack sufficient information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny the same.

46. During the time period, Eunice was required to prepare whatever foods the customer requested.

**ANSWER:** Defendants deny the allegations in this paragraph.

47. During the time period, Eunice often shopped in the food store with the customer to buy the food for the meals.

**ANSWER:** Defendants lack sufficient information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny the same.

48. During the time period, Eunice generally was required to make the beds every morning.

**ANSWER:** Defendants deny the allegations in this paragraph.

49.     During the time period, Defendants required Eunice to do a number of tasks on a daily basis, including but not limited to: dusting, vacuuming, cleaning the bathroom (including the toilet, tub and shower), mopping the kitchen floors, scrubbing the kitchen counters, cleaning the pots and pans, loading/unloading the dishwasher, and taking out the garbage.

**ANSWER:**     Defendants deny the allegations in this paragraph.

50.     During the time period, Eunice was required to do the laundry every other day.

**ANSWER:**     Defendants deny the allegations in this paragraph.

51.     During the time period, Eunice was also required to flip the bed mattresses once every week.

**ANSWER:**     Defendants deny the allegations in this paragraph.

52.     During the time period, Eunice was also required to clean out the refrigerator and put away the new groceries at least once every week.

**ANSWER:**     Defendants deny the allegations in this paragraph.

53.     During the time period, Eunice spent at least 85% of her time directly performing household work.

**ANSWER:**     Defendants deny the allegations in this paragraph.

54.     During the time period, Defendants hired at least 40 similar maids, who also were not paid their overtime at the full time and one half rate.

**ANSWER:**     Defendants deny the allegations in this paragraph.

55.     During the time period, Eunice complained to Ms. Gillar about not receiving time and one half for her hours worked over forty in a week, and was told that the straight time on her paychecks for her overtime hours was the correct amount intended to be paid by Defendants and was correct.

**ANSWER:**     Defendants deny the allegations in this paragraph.

56.     During the time period, at times, it was Defendants' policy to pay straight time for hours worked over forty hours in a week to Eunice and similar employees.

**ANSWER:**     Defendants deny the allegations in this paragraph.

57.     Eunice was required to pay $11.00 for a uniform that consisted of a shirt and pants, which Eunice was required to wear on the job along with her identification badge.  Eunice has never been reimbursed for her uniform cost of $11.00.

**ANSWER:**     Defendants deny the allegations in this paragraph.

58.     Throughout the time period, Defendant has likewise employed other individuals, like Eunice, in positions as maids.

**ANSWER:**     Defendants deny the allegations in this paragraph.

59.     Throughout the time period, such individuals have worked in excess of 40 hours per week and not been paid overtime premium wages of one and one half times their regular hourly rate, and have worked a spread of ten hours per day and have not been paid an extra hour of pay for days on which they worked a spread of more than ten hours and were improperly charged for their uniforms.

**ANSWER:**     Defendants deny the allegations in this paragraph.

FIRST CLAIM FOR RELIEF<br>FAIR LABOR STANDARDS ACT

60.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

**ANSWER:**     Defendants reincorporate by reference their responses to Paragraphs 1 through 59.

61.    At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER:**   Defendants admit that Royal Care is an employer within the meaning of the FLSA.  Defendants deny the remaining allegations in this paragraph.

62.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

**ANSWER:**  Defendants admit that Royal Care employed Plaintiff and other employees. Defendants deny the remaining allegations in this paragraph.

63.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

**ANSWER:**   Defendants admit that Royal Care had revenues in excess of $500,000. Defendants deny the remaining allegations in this paragraph.

64.    Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).  The named Plaintiff's written consent is attached hereto and incorporated by reference.

**ANSWER:**    Defendants lack sufficient information upon which to form a belief as to the truth of the allegations of this paragraph and therefore deny the same.

65.    At all relevant times, the Defendants had a policy and practice of refusing to pay its employees minimum wages for all of their hours worked and refusing to pay overtime wages equal to time and one half their employees' regular wages for hours worked over forty in a work week.

**ANSWER:**    Defendants deny the allegations in this paragraph.

66.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members overtime wages and/or minimum wages for all of their hours worked the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

**ANSWER:**     The allegations in this paragraph constitute legal conclusions to which no response is required.   To the extent any response may be required, Defendants deny the allegations in this paragraph.

67.     As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

**ANSWER:**     The allegations in this paragraph constitute legal conclusions to which no response is required.   To the extent any response may be required, Defendants deny the allegations in this paragraph.

68.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**ANSWER:**     The allegations in this paragraph constitute legal conclusions to which no response is required.   To the extent any response may be required, Defendants deny the allegations in this paragraph.

69.     Due to the Defendants' FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendants, their unpaid minimum and overtime wages, and an equal additional amount as liquidated damages, additional liquidated damages for unreasonably

delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of New York State Department of Labor regulations this action, pursuant to 29 U.S.C. § 216(b).

**ANSWER:**   The allegations in this paragraph constitute legal conclusions to which no response is required.   To the extent any response may be required, Defendants deny the allegations in this paragraph.

SECOND CLAIM FOR RELIEF<br>NEW YORK LABOR LAW

70.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

**ANSWER:**   Defendants reincorporate by reference their responses to Paragraphs 1 through 69.

71.    At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

**ANSWER:**   Defendants admit that Royal Care is an employer within the meaning of the FLSA.  Defendants deny the remaining allegations in this paragraph.

72.    Defendants willfully violated Plaintiffs rights, and the rights of the members of the Class, by failing to pay them wages in violation of the New York Labor Law and its regulations.

**ANSWER:**   Defendants deny the allegations in this paragraph.

73.    The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

**ANSWER:**   The allegations in this paragraph constitute legal conclusions to which no response is required.   To the extent any response may be required, Defendants deny the allegations in this paragraph.

74.     Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages, unpaid minimum wages, unpaid overtime wages, unpaid spread of hours wages, unpaid uniform costs, reasonable attorneys' fees, and/or costs and disbursements of the action, pursuant to New York Labor Law §663(1) et seq.

**ANSWER:**    The allegations in this paragraph constitute legal conclusions to which no response is required.   To the extent any response may be required, Defendants deny the allegations in this paragraph.

**FURTHER PLEADING AND DEFENSES,
<ins>INCLUDING AFFIRMATIVE DEFENSES</ins>**

Defendants specifically reserve their right to amend this Answer to allege further affirmative defenses that they may have against Plaintiff, the putative class, and/or any subclasses, if any is certified.  The Court has not yet certified a class, and therefore the putative class members are not parties to this action.  Defendants further reserve the right to amend this Answer if additional defenses become apparent throughout the course of this litigation. Notwithstanding the foregoing and without waiving their right to assert additional defenses, Defendants allege these affirmative defenses that they now know to be applicable to Plaintiff's causes of action and all or some of those of the putative class members.  As and for their separate and independent affirmative defenses in this action, and without conceding that they bear the burden of proof or persuasion as to any affirmative defense, Defendants allege as follows:

1)     Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2)     Plaintiff's claims are barred in whole or in part by exemptions, exclusions, and credits provided in Sections 7 and 13 of the Fair Labor Standards Act of 1938, as amended, 29

U.S.C. §§ 207 and 213, and New York Labor Laws §§ 650 et seq. and the supporting New York State Department of Labor regulations

3)      Neither the named Plaintiff, nor the opt-in class she purportedly seeks to represent, are "similarly situated" within the meaning of the Fair Labor Standards Act and parallel state laws.  *See* 29 U.S.C. § 216(b).  Thus, this case cannot be certified as a collective action because there is no commonality of questions of law or fact, typicality of claims or defenses, and the representative party does not fairly and adequately protect the interests of the putative class.

4)      Plaintiff's claims are barred, in whole or in part, because the Complaint fails to satisfy the prerequisites for a class action.

5)      Defendants did not willfully violate the Fair Labor Standards Act and the relief sought by Plaintiff is therefore barred in whole or in part by the applicable two-year statute of limitations of 29 U.S.C. § 255(a).  Even if Defendants are found to have willfully violated the Fair Labor Standards Act, the relief sought by Plaintiff would still be barred in whole or in part by the then-applicable three-year statute of limitations of 29 U.S.C. § 255(a).

6)      Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to her principal activities.

7)      The Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiff lacks standing to bring one or more of the causes of action that is being asserted either on her own behalf or in her capacity as a putative class representative.

8)      The Complaint, and each purported cause of action alleged therein, is barred on the ground that neither Plaintiff nor the putative class have suffered any damages or injury as a result of the facts alleged in the Complaint.

9)      The Complaint, and each purported cause of action alleged therein, is barred by the doctrines of unclean hands, waiver, estoppel, laches, and accord and satisfaction.

10)     The claims of Plaintiff and the putative class are barred in whole or in part because Defendants have, to the extent required, substantially complied with any and all applicable statutes, regulations, and/or laws.

11)     Defendants' actions concerning the matters alleged in the Complaint, if any, were privileged and/or justified.

12)     The claims of Plaintiff and/or the putative class are barred because Plaintiff and putative class members have received proper payment of wages.

13)     The claims of Plaintiff and/or the putative class are barred because Defendants did not willfully, intentionally, arbitrarily, or without just cause deprive Plaintiff or putative class members of any wages to which they allegedly were entitled under state or federal law.

14)     Defendants have no knowledge of, nor should they have knowledge of, any alleged unpaid overtime work by Plaintiff and/or the putative class, and did not authorize, require, request, suffer, or permit such activity by Plaintiff and/or the putative class.

15)     The Complaint, and each purported cause of action alleged therein, is barred to the extent the hours for which Plaintiff seeks compensation on behalf of herself and the putative class do not constitute legally compensable working time.

16)    The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a claim against Defendants for penalties or liquidated damages in any amount whatsoever.

17)    Plaintiff is not entitled to recovery of attorneys' fees or costs from Defendants as alleged in the Complaint.

18)    Plaintiff is not entitled to recover prejudgment interest because her alleged damages are not certain or capable of being made certain by any calculation.

19)    Defendants acted at all times in good faith and had reasonable grounds to believe that their actions did not violate the Fair Labor Standards Act.  Accordingly, pursuant to 29 U.S.C. §  260, liquidated damages should be denied.

20)    Plaintiff is not entitled to any relief because the act or omission complained of was in good faith conformity with and in reliance on a written administrative regulation, order, ruling, approval or interpretation of the Administrator of the Wage and Hour Division of the Department of Labor and/or an administrative practice or enforcement policy of such agency and the corresponding New York agency with respect to the class of employees to which Plaintiff and the putative class belonged.

21)    The Complaint, and each purported claim for relief alleged therein, is barred in whole or in part by all applicable statutes of limitations.  The tolling of the statute of limitations on the claims of Plaintiff and/or the putative class is inapplicable here.

22)    The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the conduct of which Plaintiff now complains was a just and proper exercise of management discretion by Defendants (and/or their agents), and was undertaken for a

fair, honest, and legitimate business reason, and was regulated by good faith under the circumstances that existed.

23)     The Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff (or any putative class member) secreted or absented herself in order to avoid payment of wages, or to the extent Plaintiff refused to receive payment of wages when fully tendered.

24)     The Complaint, and each purported cause of action alleged therein, is barred because Defendants have fully performed any and all contractual, statutory, and other duties owed to Plaintiff and to putative class members under applicable law.

25)     Defendants have not received any profits or other inappropriate gains and has not been unjustly enriched as a result of the conduct alleged in the Complaint.

26)     The claims of Plaintiff and the putative class are barred, in whole or in part, on the ground that Plaintiff and putative class members would be unjustly enriched if they were allowed to recover certain claimed damages in the Complaint.

27)     Plaintiff's class allegations are barred on the ground that if this action is certified as a collective action, Defendants' rights under the Fifth, Seventh and Fourteenth Amendments of the United States Constitution would be violated.

28)     Plaintiff is not an adequate representative of other allegedly-aggrieved parties in this action.

29)     The equities in this case weigh against the relief Plaintiff seeks on behalf of herself and the putative class.

30)     The Complaint, and each purported cause of action alleged therein, including Plaintiff's attempt to proceed on a class action basis, has always been, and continues to be,

unreasonable, in bad faith, and groundless.  This action was brought in bad faith, and Plaintiff therefore is barred from any recovery in this action and/or from proceeding on a collective basis.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray for judgment as follows:

1)      That the Court deny any request for collective notice or certification;

2)      That Plaintiff take nothing by virtue of the Complaint and that judgment be entered in favor of Defendants;

3)      That the Complaint and each purported cause of action therein be dismissed with prejudice;

4)      That Defendants be awarded their costs of suit and attorneys' fees incurred in defense of this action; and

5)      That Defendants be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRYAN CAVE, LLP


By: */s/ Zachary A. Hummel*
    Zachary A. Hummel
    1290 Avenue of the Americas
    New York, New York 10104
    (212) 541-2000
    zahummel@bryancave.com

*Attorneys for Defendant*
*The Royal Care Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This certifies that on the 16th day of December, 2013 a copy of the foregoing was sent to all counsel of record herein, by this Court's CM/ECF electronic notice system.

*/s/ Zachary A. Hummel*